# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00964-CV

---

**Larry Don Atkins, Appellant**

**v.**

**Texas Department of Motor Vehicles, Appellee**

---

### DIRECT APPEAL
### FROM THE DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES

---

## M E M O R A N D U M   O P I N I O N

Larry Don Atkins appeals directly to this Court from the Final Order of the director (Director) of the Motor Vehicle Division of the Texas Department of Motor Vehicles (DMV). *See* Tex. Occ. Code § 2301.751. Atkins requests that we reverse the Director's order revoking his dealer's license, urging that it is based on former sales agents' actions of which he had been unaware, that he has addressed the issues, and that such actions will not recur. The DMV responds that the violations were deemed admitted after Atkins's failure to respond to the Notice of Department Decision. We will affirm.

## BACKGROUND

By letter dated September 24, 2019, the DMV issued to Atkins a Notice of Department Decision (Notice) about Atkins's license to sell cars. In the Notice, the DMV stated that Atkins does business as R&D Auto and holds a general distinguishing number (GDN) or

license that authorizes him to be a vehicle dealer. *See* Tex. Occ. Code § 2301.002(7), (17), (18). The Notice stated that the DMV investigated Atkins's business and determined that Atkins violated provisions of Texas Occupations Code Chapter 2301, Texas Transportation Code Chapters 501-03, and/or 43 Texas Administrative Code Chapter 215. The DMV alleged in the Notice that investigation showed that Atkins violated state laws, alleging that Atkins (1) violated state laws concerning use of temporary dealer tags, (2) failed to comply with a DMV request to produce files regarding a vehicle, (3) failed to remit sales tax and apply for registration and title in connection with a vehicle sale, (4) failed to keep a complete record of all vehicles purchased or sold, and (5) filed false tax and title documents by submitting a title application with a false statement of the sales price in connection with a vehicle sale. These issues arose from the sales of two vehicles. The DMV recommended a civil penalty of $6,000 and revocation of Atkins's dealer GDN.

The Notice stated that, to contest the allegations, penalty, and sanction, Atkins must request an administrative hearing in writing not later than the twenty-sixth day after the date of the decision. The Notice also stated that the DMV's decision would become final if Atkins did not timely request a hearing. The cover letter for the Notice recited that the DMV sent the Notice to Atkins by certified mail at two addresses, including one on Old Pearsall Road in San Antonio.

When Atkins did not respond to the Notice, the Director on October 25, 2019, signed a Final Order adopting the allegations from the Notice, making findings of fact and conclusions of law, revoking Atkins's GDN, ordering him to stop being a motor-vehicle dealer, and assessing a $6,000 penalty. The cover letter for the Final Order recited that the DMV sent the Final Order to Atkins at the same two addresses as it sent the Notice, by certified mail, and by email.

2

By letter dated November 1, 2019, Atkins filed a "notice of appeal" and requested a hearing. He stated that he "received the letters from you sent certified that my license was being suspended" when he picked them up on October 26, 2019, at the Old Pearsall Road location to which the Notice and the Final Order were sent.[1] He stated that on that same day he received an email telling him that his license had been revoked. Atkins stated that he had been working with Debrah Watts and Don Ogle and thought the issues had been or would be resolved.[2] He wrote that he wanted the chance to discuss extenuating circumstances and to work the issues out.

The DMV treated the letter as a motion for rehearing, and the Director denied the motion by Decision and Order dated November 21, 2019. The Director found that Atkins's motion failed to identify with particularity the findings and conclusions that were the subject of his complaint, failed to identify any evidentiary or legal ruling claimed to be erroneous, and failed to state the legal and factual basis for any claimed error. He concluded that Atkins's motion for rehearing did not meet the requirements of state law and presented insufficient grounds to grant the motion for rehearing, citing Texas Government Code § 2001.146(g).

Atkins then filed a notice of direct appeal with this Court.

**STANDARD OF REVIEW**

Parties may seek judicial review of proceedings under Occupations Code Chapter 2301 in the Travis County district courts or this Court. These courts review the final order using the substantial-evidence standard. Tex. Occ. Code § 2301.751(a). Under that standard,

---

[1] It is not clear which letter(s) Atkins picked up on October 26.

[2] Atkins states in his brief that Don Ogle is with the DMV and attaches a letter showing that Debrah Watts is an investigator with the Texas Consumer Credit Commission.

a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
>
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174. Judicial review in this Court is governed by Government Code Chapter 2001 and the applicable rules of appellate procedure. We must presume that the Board's order is supported by substantial evidence, and the appellant has the burden of overcoming this presumption. *Austin Chevrolet, Inc. v. Motor Vehicle Bd. & Motor Vehicle Div. of Texas Dep't of Transp.*, 212 S.W.3d 425, 430 (Tex. App.—Austin 2006, pet. denied).

## DISCUSSION

On appeal, Atkins for the first time in this proceeding offers explanations of circumstances surrounding the car sales that drew the DMV's attention and offers documents that he did not offer during the process at the DMV. He addresses the asserted violations in turn. With regard to one vehicle, Atkins contends that a former sales agent lost the title to a car and did not

notify Atkins; he asserts that the title was replaced and the buyer satisfied. He also asserts that he did not receive a request from the DMV for documents regarding this issue. With regard to the second vehicle, he contends that another sales agent sold it to a friend on a handshake deal and kept title to the vehicle; Atkins contends he was cleared of any wrongdoing by the Office of Consumer Credit Commission (OCCC). He asserts that, because he was not aware of the sale, he did not intentionally fail to record the remittance of the sales tax or apply for registration of the title; he asserts that any falsification of the sales price was done without his knowledge and that he resolved the issue after learning of it from the DMV. He attaches a letter from the OCCC and a title showing someone other than R&D or Atkins as the seller of one of the vehicles. The DMV moved to strike all of these explanations from Atkins's brief because they are not supported by the appellate record. *See* Tex. R. App. P. 38.1(g) (statement of facts must be supported by record references).

Procedural rules and statutes constrain and control our resolution of this case. This is not a trial de novo, and we are not allowed to consider new evidence on appeal. *See* Tex. Occ. Code § 2301.751 (substantial-evidence review applies); *compare* Tex. Gov't Code § 2001.173 (trial de novo), *with id.* § 2001.174 (substantial-evidence review). We are limited to reviewing whether the record before the Director contains substantial evidence to support the order. Tex. Gov't Code § 2001.175(e). We need not strike the assertions from the brief, but in our substantial evidence review we cannot consider them or the evidence attached to Atkins's brief because they were not included in the record of this proceeding at the DMV.

The Director's Final Order was based on the Notice. DMV staff stated in the Notice that, as a result of the DMV's investigation, the DMV determined that Atkins violated state laws including those concerning use of temporary dealer tags, production of records on DMV request,

5

remission of sales tax, and compliance with record-keeping requirements concerning the sales of two vehicles. DMV staff recommended that the Director revoke Atkins's GDN and assess a $6,000 penalty. The Notice cautioned that the department decision described in the Notice would become final if Atkins did not request a hearing within 26 days. *See* 43 Tex. Admin. Code § 215.500(e), (g) (2021) (DMV, Administrative Sanctions and Procedures).[3] A license may be revoked only after the DMV board grants the respondent an opportunity for a hearing. Tex. Occ. Code § 2301.651(d). The Notice was mailed to Atkins. He did not request a hearing or otherwise respond to the Notice within the 26-day period. The DMV's decision in the Notice became final pursuant to the administrative code. *See* 43 Tex. Admin. Code § 215.500(g);[4] s*ee also* Tex. Gov't Code § 2001.056(4).[5] The Director's Final Order is consistent with the Notice.

The Director's denial of Atkins's deemed motion for rehearing was based on his failure to satisfy the requirements for a motion for rehearing. A motion for rehearing must identify with particularity findings of fact or conclusions of law that are the subject of the complaint and any evidentiary or legal ruling claimed to be erroneous. The motion must also state the legal and factual basis for the claimed error. Tex. Gov't Code § 2001.146(g). Atkins asserted that he received the Notice in the mail. He outlined contacts and attempted contacts with agency staff and

---

[3] The regulation was amended effective December 30, 2020, in part that does not affect this appeal. *See* 45 Tex. Reg. 9580 (2020), (proposed Aug. 21, 2020 (45 Tex. Reg. 5874)) (DMV), codified at 43 Tex. Admin. Code § 215.500(a)(5). For ease, we will refer to the 2021 version.

[4] "If the license applicant, license holder, or other person does not make a timely request for a hearing or enter into a settlement agreement within 27 days of the date of the Notice of Department Decision, the department decision becomes final." 43 Tex. Admin. Code § 215.500(g) (2021) (DMV, Administrative Sanctions and Procedures).

[5] Unless precluded by law, an informal disposition may be made of a contested case by: (1) stipulation; (2) agreed settlement; (3) consent order; or (4) default." Tex. Gov't Code § 2001.056.

his desire to "tell my side and work this out." He asserted that there were extenuating circumstances (which he did not describe), that he had spoken to the sellers of the vehicles who no longer had anything to do with his company, and that he had spoken to his people about the rules and regulations when selling vehicles. However, Atkins did not identify any particular finding of fact, conclusion of law, evidentiary or legal ruling, or legal or factual basis that was erroneous. He did not complain that he received the Notice untimely.

Atkins has not presented this Court with argument or evidence in the record that defeats the presumption that the Director's Final Order or his Decision and Order Denying Motion for Rehearing is supported by substantial evidence. *Austin Chevrolet*, 212 S.W.3d at 430.

## CONCLUSION

We affirm.

_____
Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed: November 18, 2021

7